LONGYEAR & LAVRA, LLP
Van Longyear, CSB No. 84189
Gigi Knudtson, CSB No. 114993
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: (916) 974-8500
Facsimile: (916) 974-8510
Email: longyear@longyearlaw.com
knudtson@longyearlaw.com

Attorneys for Defendants, CITY OF TURLOCK, LAURA WILLIAMS AND SARA MIRES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON JARBOE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF TURLOCK, CALIFORNIA, a Municipal Corporation, LAURA WILLIAMS, SARA MIRES, and DOES 1 through 10, inclusive<br><br>　　　　Defendants. | Case No.: 1:21-CV-00632-DAD-SKO<br><br>**STIPULATION AND ORDER TO VACATE OR MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Doc. 16)** |

Under Federal Rules of Civil Procedure 16(b)(1)(A) and Local Rule 143, the parties, through counsel, stipulate to and hereby request a modification of this Court's scheduling order. Pursuant to the Court's Initial Scheduling Order (ECF No. 10), the current schedule is as follows:

- Non-Expert Discovery: May 15, 2022
- Expert Disclosures: June 15, 2022
- Rebuttal Expert Disclosures: July 1, 2022
- Expert Discovery: July 25, 2022

Non-Dispositive Motion Deadlines:

- Filing: August 8, 2022
- Hearing: September 7, 2022

**STIPULATION AND ORDER TO VACATE OR MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINES - 1**

Dispositive Motion Deadline

- Filing:  August 22, 2022

The parties in this case request that the Court vacate the above deadlines in the current scheduling order.

On or about October 21, 2020, Plaintiff, Jason Jarboe, commenced this action in the Stanislaus County Superior Court of the State of California entitled *Jason Jarboe v. City of Turlock, et al.*, Stanislaus County Superior Court Case No. CV-20-004691 against Defendants City of Turlock, Laura Williams, and Sara Mires. The matter was removed to Federal Court, and the defendants filed their answers to the complaint on April 21, 2021.  The parties' Initial Disclosures were on file by September 8, 2021.

Medical records were subpoenaed after receipt of the disclosures, but the production was delayed in part because of the need for authorizations.  Thereafter, the parties discussed dates for depositions, but due to problems with scheduling the officers for testimony and due to both counsel's calendar conflicts, the depositions were not set.

Recently, the parties have been in discussions regarding dates for the parties' and non-party witnesses' depositions.  However, plaintiff's counsel would like the depositions to occur in person in his Modesto office, and defendant's counsel would have to travel from Sacramento and stay overnight for at least 3-4 days of depositions.  This will not be feasible until mid-April due to some personal matters which would interfere with out-of-town scheduling. Written discovery was recently served by both parties, but responses are not yet due.

A scheduling order may be modified upon a showing of good cause and by leave of Court. Fed. R. Civ. Proc. 6(b)(1)(A); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).  In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609.

In this case, both parties are seeking and have stipulated to modification of the current scheduling order.  Both parties have been diligent in moving this case forward; but, nevertheless, it will not be possible to complete the depositions of the parties and witnesses by the current

**STIPULATION AND ORDER TO VACATE OR MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINES - 2**

deadline of May 15, 2022.  In addition, it may be necessary to subpoena additional records and request and exchange additional documents after the depositions occur, and the current deadline will not allow for that potential discovery.

For these reasons, good cause exists to modify the Court's scheduling order.  The parties respectfully request that the court extend the following dates 60 days as follows:

- Non-Expert Discovery: July 15, 2022
- Expert Disclosures: August 15, 2022
- Rebuttal Expert Disclosures: September 1, 2022
- Expert Discovery: September 25, 2022

<u>Non-Dispositive Motion Deadlines</u>:

- Filing: October 12, 2022
- Hearing: November 16, 2022

<u>Dispositive Motion Deadline</u>

- Filing:  October 22, 2022

IT IS SO STIPULATED.

Dated: March 22, 2022                LONGYEAR & LAVRA, LLP

                                     By:  /s/ Gigi Knudtson
                                          VAN LONGYEAR
                                          GIGI KNUDTSON
                                          Attorneys for Defendants,
                                          CITY OF TURLOCK, LAURA WILLIAMS AND
                                          SARA MIRES

Dated: March 22, 2022                LAW OFFICE OF CORT WIEGAND

                                     By:  /s/ Cort Wiegand [authorized on 3-22-22]
                                          CORT WIEGAND
                                          Attorneys for Plaintiff

**ORDER**

Good cause appearing, the parties' foregoing stipulated request to modify the Court's Scheduling Order (Doc. 16) is GRANTED, and the Scheduling Order (Doc. 10) is hereby MODIFIED as follows:

- Non-Expert Discovery: July 15, 2022

- Expert Disclosures: August 15, 2022

- Rebuttal Expert Disclosures: September 1, 2022

- Expert Discovery: September 25, 2022

    Non-Dispositive Motion Deadlines:

- Filing: October 12, 2022

- Hearing: November 16, 2022

    Dispositive Motion Deadline

- Filing:  October 22, 2022

- Pretrial Conference: March 27, 2023, at 2:30 PM.[1]

The Settlement Conference remains as previously set.  (*See* Doc. 15.)

IT IS SO ORDERED.

Dated:   **March 23, 2022**                         /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] In order for the Court to have sufficient time to rule on dispositive motions, and for the parties to prepare for trial, the Pretrial Conference has been continued.

**STIPULATION AND ORDER TO VACATE OR MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINES - 4**